**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-14-1169-TaKuPa |
| ) | |
| GEARY JUAN JOHNSON, ) | Bk. No. 13-37898-WB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| GEARY JUAN JOHNSON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | MEMORANDUM[*] |
| ) | |
| HYUNDAI MOTOR FINANCE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument[**]
on November 20, 2014

Filed - December 9, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia W. Brand, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Geary Juan Johnson, pro se, on brief;
                Austin Pillsbury Nagel, Esq. on brief for Appellee
                Hyundai Motor Finance.
                _____

Before: TAYLOR, KURTZ, and PAPPAS, Bankruptcy Judges.

---

[*]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]    By order entered on August 22, 2014, a motions panel determined this appeal suitable for submission on the briefs and record without oral argument.

## INTRODUCTION

Chapter 13[1] debtor Geary Juan Johnson appeals an order of the bankruptcy court that overruled in part, and sustained in part, Johnson's objection to a proof of claim filed on behalf of Hyundai Motor Finance. We AFFIRM.

## FACTS[2]

On August 3, 2012, Johnson purchased a 2013 Hyundai Accent from Win Hyundai Carson. Win Hyundai financed the full price of the vehicle, paid off Johnson's debt on a 2010 Hyundai Accent he traded in, and added the negative equity to the amount financed. See Americredit Fin. Servs., Inc. v. Penrod (In re Penrod), 392 B.R. 835, 838 (9th Cir. BAP 2008) (in the motor vehicle sales finance business, negative equity is the difference between the value of the trade-in vehicle and the amount owed). Win Hyundai also financed optional service plans totaling $2545 and GAP insurance of $800 for Johnson. Then, Win Hyundai promptly assigned Johnson's contract to appellee Hyundai Motor Finance.[3]

Johnson filed a chapter 13 petition on November 21, 2013. The filing date was 475 days after Johnson bought the 2013

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and references to the Local Bankruptcy Rules are to those of the Central District of California.

[2] To facilitate our analysis and disposition of this appeal, we exercised our discretion to review documents filed on the bankruptcy court's electronic case docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989) (holding that the Panel can take judicial notice of contents of the bankruptcy court record).

[3] There is no issue that the assignment to Appellee affected or altered any rights. See Trejos v. VW Credit, Inc. (In re Trejos), 374 B.R. 210 (9th Cir. BAP 2007).

- 2 -

Hyundai. Appellee timely filed a proof of claim in the total amount of $22,237.66, which included an annotation that "This is a 910 claim and is not subject to cram down (sic)." Proof of Claim #2. Appellee identified the full claim amount as being secured by the 2013 Hyundai, which it valued at $22,237.66.

Johnson objected to Appellee's proof of claim on multiple grounds.[4] First, he argued that Appellee did not properly split the claim into secured and unsecured portions and, because Hyundai sought secured status for an amount that included negative equity financing, the claim should be disallowed in its entirety. Second, he argued that Appellee's claim was fraudulent because it stated an inaccurate value for the vehicle and failed to acknowledge Debtor's right to reduce the claim by cancelling the optional service plans and GAP insurance. And, third, he argued that Appellee's claim should be equitably disallowed or subordinated based on Debtor's allegations that multiple Hyundai dealerships refused to provide warranty services for Johnson's vehicle.[5]

In response, Appellee contended that because Johnson incurred the debt within the 910-day period preceding the

---

[4] We summarize here only the relevant arguments Johnson made on appeal. We disregard the extraneous allegations and arguments Johnson made regarding, for example, public perception of Hyundai vehicles and financing, pending class action lawsuits, and the workings of the automobile financing industry generally.

[5] Johnson also argued that the claim should be reduced in order to overcome the creditor's feasibility objection to Johnson's chapter 13 plan. Johnson does not renew this argument on appeal, and we consider it waived. Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009)(per curiam)(appellate courts "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

petition date and for a motor vehicle acquired for personal use, the claim was secured for the full amount owed, $22,237.66. Appellee stated, however, that if Johnson wanted to cancel the optional service plans or GAP insurance, Appellee would credit unearned premiums against the amount of the claim. Appellee also argued that Johnson failed to support his equitable subordination argument with any admissible evidence.

The bankruptcy court conducted a brief hearing on Johnson's claim objection on March 12, 2014. It started the hearing by commenting that Appellee's 910 claim could be secured only with respect to its purchase money security interest – which "would not include $3,049 for negative trade in, $2545 for extended service and $800 for GAP insurance." Hr'g Tr. (Mar. 12, 2014) at 1:17-19.

Appellee repeated its willingness to reduce the amount of the claim if Johnson allowed the optional service plan and GAP insurance to lapse. When the bankruptcy court asked Johnson if he was willing to do so, Johnson stated that earlier in the case he requested cancellation of these additional costs, but wanted the bankruptcy court to focus on the impropriety of including expenses he had the right to cancel as part of the secured claim. In response, Appellee simply agreed to file an amended claim reducing the amount.

The bankruptcy court ruled orally at the hearing. It held that the Appellee was entitled to a secured claim based on the purchase money security interest it had in the car, "which is the cost of the car plus the sales tax and miscellaneous items." Hr'g Tr. (Mar. 12, 2014) at 4:5-6. It further held that "the

- 4 -

other items, $3049 for negative net trade in, $2545 for extended service and $800 for GAP insurance are going to be reclassified as unsecured claims." Id. at 4:6-8. The bankruptcy court acknowledged that Appellee was willing to amend its claim and specifically found that Appellee did not file its claim in bad faith.

Johnson confirmed with the bankruptcy court that his objection, therefore, was "granted in part and denied in part." Id. at 5:2. The bankruptcy court asked Appellee's counsel to prepare and upload the order, which counsel agreed to do. On March 24, 2014, however, Johnson lodged a form of order that disallowed Appellee's claim in its entirety. The following day, Appellee's counsel separately lodged two different forms of order, one allowing its claim in the total amount of $22,237.66, secured in the amount of $20,649.39 and unsecured for $1588.27, representing "unearned premiums of the GAP and service contracts" (ECF dkt. #56), and the other in the same total amount but classifying $17,600.39 as secured and $4,637.27 as unsecured ($3,049 negative equity trade in and $1,588.27 unearned premiums) (ECF dkt. #58).

On March 28, 2014, Johnson filed an objection to both orders lodged by Appellee. Johnson argued that: Appellee waived its right to lodge an order because it failed to lodge the order within the 7 days provided under LBR 9021-1(b)(1)(B); the form of order incorrectly referred to the docket number of the initially filed objection instead of the docket number of the amended objection; the order failed to address the fair market value of the car; and the order incorrectly stated the ruling of the

- 5 -

bankruptcy court – the full amounts of the GAP insurance and repair advantage costs were to be deducted, and Johnson recalled that the bankruptcy court disallowed the claim and did not allow Appellee to amend the proof of claim.

Also on March 28, 2014, the bankruptcy court filed and entered the Order on Objections to Claims, allowing Appellee's claim in the amount of $22,237.66, with $17,600.39 secured and $4,637.27 unsecured. The order also required Appellee to cancel the GAP and service contracts and to file an amended proof of claim.

Johnson filed a motion for reconsideration on March 31, 2014. Before the bankruptcy court considered and ruled on Johnson's reconsideration motion, however, Johnson filed a notice of appeal from the order allowing Appellee's claim along with a motion for leave to appeal to the BAP. A motions panel denied the motion for leave to appeal as unnecessary, given that the order on appeal is a final order for purposes of appeal, but required entry of an order resolving the reconsideration motion before the BAP would have jurisdiction and this appeal could go forward.

On August 19, 2014, the bankruptcy court entered an order denying Johnson's motion for reconsideration. The bankruptcy court noted therein that its review included consideration of Appellee's "duly filed Amended Proof of Claim 2-5 setting forth a secured claim of $15,843.66 and an unsecured claim of $3,049.00." Order Denying Reconsideration, ECF Dkt. #164. Johnson did not appeal from the denial of reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES[6]

1. Did the bankruptcy court err procedurally when it entered the Appellee's lodged form of order?

2. Did the bankruptcy court err when it overruled Debtor's objection in part and sustained it in part?

## STANDARD OF REVIEW

Application of basic rules of procedure and construction of the Bankruptcy Code present questions of law that we review de novo. All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 87 (9th Cir. BAP 2007). We review a bankruptcy court's compliance with local rules for abuse of discretion. Hinton v. Pac. Enters., 5 F.3d 391, 394 (9th Cir. 1993). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 830, 832 (9th Cir. 2011).

---

[6] Johnson lists eight issues on appeal. Three issues pertain to alleged procedural errors, while four issues pertain to allowance of the claim. We decline to consider Johnson's argument that Appellee did not serve him with a copy of the proof of claim, as he raises this issue for the first time on appeal. See Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 872 n.12 (9th Cir. 2012) (appellate court may decline to address argument not raised before bankruptcy court) (citation omitted). Johnson also assigns error to the provision in the bankruptcy court's order requiring Appellee to cancel the GAP insurance and service contracts but does not address the issue further in his brief. Therefore, we will not consider this issue further. See Padgett v. Wright, 587 F.3d at 986 n.2.

- 7 -

We review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. See Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 564 (9th Cir. BAP 2012). "An order overruling a claim objection can raise legal issues (such as the proper construction of statutes and rules) which we review de novo, as well as factual issues (such as whether the facts establish compliance with particular statues or rules), which we review for clear error." Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 987, 918 (9th Cir. BAP 2011).

**DISCUSSION**

On appeal, Johnson argues that the bankruptcy court erred procedurally and substantively. We address his procedural arguments first.

**A.    The bankruptcy court did not err procedurally.**

Johnson argues that the bankruptcy court did not comply with the Local Bankruptcy Rules when it entered Appellee's form of lodged order. First, Johnson argues, without any legal authority in support, that the bankruptcy court should have reduced Appellee's claim to zero, as provided in Johnson's lodged order, because Appellee waived its right to lodge any order when it: failed to lodge an order within 7 days of the hearing; did not object to Johnson's lodged order; and identified the wrong docket number for the amended objection. He also argues that the bankruptcy court erred by not waiting a full 7 days after lodgment before entering the order and by not addressing Johnson's objection to the lodged order. We determine that Johnson's arguments involving procedural irregularities are unavailing.

- 8 -

Johnson appropriately identifies LBR 9021-1(b) as governing the lodgment procedures in the Central District. And he correctly states that LBR 9021-1(b)(1)(B) requires that a proposed order be served and lodged within 7 days of the granting of the related relief. Johnson misinterprets, however, both the purpose of the Local Bankruptcy Rules and their effect on the bankruptcy court's inherent authority to enter appropriate orders.

The Local Bankruptcy Rules are rules that govern those who appear before the bankruptcy court. They specifically provide that "[t]he court may waive the application of any Local Bankruptcy Rule in any case or proceeding, or make additional orders as it deems appropriate, in the interest of justice." LBR 1001-1(d). Therefore, to the extent Johnson assigns error to the bankruptcy court's failure to comply with the Local Bankruptcy Rules, his argument fails.

Johnson also argues that Appellee failed to comply with the Local Bankruptcy Rules. Appellee lodged the proposed order on March 25, 2014, which was 13 days after the hearing on Johnson's objection. He argues that the late lodgment resulted in Appellee's waiver of its right to prevail against Johnson's objection to claim. Johnson does not provide any authority to support his waiver argument, and, in fact, LBR 9021-1(b)(1)(C) provides to the contrary.

LBR 9021-1(b)(1)(C) provides that failure by a prevailing party to timely lodge its order allows other parties to lodge and serve a proposed order; but if no party timely submits a proposed order, "the court may prepare and enter such order as it deems

appropriate. . . ." Therefore, after March 19, 2014, the bankruptcy court was free to enter its own form of order or such order "as it deems appropriate." Entry of the Appellee's late-lodged order was well within the bankruptcy court's discretion, both pursuant to the bankruptcy court's inherent authority and under the Local Bankruptcy Rules.

Based on the record, the bankruptcy court had Johnson's lodged order, the two forms of order lodged by Appellee, plus Johnson's objection to Appellee's lodged orders all available to it on March 28, 2014. It deemed one of Appellee's orders appropriate and entered it on the docket that day. Nothing in the Local Bankruptcy Rules required the bankruptcy court to wait any additional period of time before entering the order it deemed appropriate. Based on the final form of order entered by the bankruptcy court, it is apparent that the bankruptcy court implicitly overruled Johnson's objections to the lodged order it entered.

As to the docket number referred to in the entered order, Johnson provides no legal authority to support his contention that such a technical error constitutes reversible error, and we know of none. Johnson included this contention in his objection to Appellee's lodged orders and the bankruptcy court implicitly overruled it by entry of the final form of order. We conclude that the bankruptcy court did not abuse its discretion by so doing.[7]

_____

[7] LBR 9021-1(e) provided Johnson the opportunity to file a motion requesting correction of such an error in the entered order, if he so desired.

- 10 -

**B.    The bankruptcy court did not err by allowing Appellee's bifurcated claim.**

We interpret Johnson's substantive challenges to the bankruptcy court's order as based on three arguments. Johnson contends that the entered order is inconsistent with the bankruptcy court's oral ruling that required the full amount of GAP insurance and service contracts be deducted from the secured amount of the claim. He is correct. Prior to the bankruptcy court's denial of Johnson's reconsideration motion, however, the Appellee filed multiple amended proofs of claim, each with slight variation in classification and amounts. The bankruptcy court's order denying reconsideration specifically referred to Appellee's "Amended Proof of Claim 2-5," which classified $15,843.66 as secured, and $3,049 as unsecured.[8] We note that the referenced amended claim did not merely classify the full $3345 for GAP insurance and service contracts as unsecured, as Johnson argued, it effectively reduced the claim amount by $3345. Thus, based on the Appellee's duly filed amended claim, the error identified by Johnson is no longer extant. Therefore, any error made by the bankruptcy court was harmless.

Other than the now-resolved treatment of GAP insurance and service contracts, Johnson argues that the bankruptcy court erred by not reducing the claim to zero because Appellee failed to bifurcate the claim into secured and unsecured amounts as

---

[8]    The order denying reconsideration reflects that the bankruptcy court held a hearing on the motion on August 6, 2014, and stated its reasons for denial of the motion on the record. The parties did not include a transcript of the hearing in the record on appeal, and we did not locate a transcript on the bankruptcy court's electronic docket.

required by In re Penrod.[9]  And he also contends that the bankruptcy court erred by not reducing Appellee's claim based upon his breach of warranty allegations.

### 1. The bankruptcy court properly allowed Appellee's bifurcated claim.

Johnson appropriately argued the applicability to Appellee's claim of the Ninth Circuit's decision in In re Penrod.  In In re Penrod, the court was presented with the question of "whether a creditor has a purchase money security interest in the 'negative equity' of a vehicle traded in at the time of a new vehicle purchase."  611 F.3d at 1159.  As is the case here, the question in Penrod arose in the context of the application of § 1325(a)(*).[10]  Id. at 1161.  The Ninth Circuit held that the

---

[9]  Johnson identifies another issue as the bankruptcy court's failure to determine the value of the vehicle.  Johnson did not object to Appellee's claim on vehicle valuation grounds, however, and we decline to consider the new argument asserted for the first time on appeal.  See In re Blixseth, 684 F.3d at 872 n.12.  Moreover, as discussed herein, pursuant to the Hanging Paragraph following §1325(a)(5), valuation of the vehicle is not necessary or appropriate when determining the secured amount of a 910-auto claim.

[10]  Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Congress added the following additional text to § 1325(a)'s requirements for chapter 13 plan confirmation (which has since been referred to as the "Hanging Paragraph"):

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding

(continued...)

creditor does not. Id. at 1164. Nowhere in the opinion did the court discuss or determine that a creditor's claim should be reduced to zero if, in its filed proof of claim, the creditor failed to separately classify the secured and unsecured components of its total claim. Johnson did not provide authority to support such a result, nor did we locate supporting authority.

Here, the bankruptcy court implicitly interpreted Johnson's argument as one based on alleged creditor bad faith and explicitly found that Appellee did not act in bad faith by failing to classify part of its claim as unsecured. The bankruptcy court instructed Appellee to file an amended proof of claim, and the Appellee complied. Because the bankruptcy court considered the possibility of bad faith as grounds for reduction or disallowance of Appellee's claim, but found no evidence in the record to support a bad faith finding, we conclude that the bankruptcy court did not err when it refused to reduce Appellee's claim to zero.

### 2. The bankruptcy court did not err by disregarding Johnson's breach of warranty arguments.

Johnson assigns error to the bankruptcy court's failure to reduce the Appellee's claim based on Johnson's allegations that

---

[10](...continued)
that filing.

The placement of this language in § 1325(a) "and its internal reference to paragraph (5) strongly suggest that it relates specifically to the treatment of secured claims under the plan." Trejos, Jr. v. VW Credit, Inc. (In re Trejos, Jr.), 374 B.R. 210, 214 (9th Cir. BAP 2007). "[W]hen applying the 'Hanging Paragraph,' 'the value of the collateral is irrelevant in determining the allowed amount of the secured claim' . . . ." Id. at 220.

- 13 -

he was refused warranty services by multiple Hyundai dealerships and permanently would be denied such services in the future. At the claim objection hearing, the bankruptcy court did not discuss Johnson's allegations that he was refused automotive services. The bankruptcy court, however, necessarily overruled Johnson's argument for disallowance or subordination when it allowed the bifurcated claim. We do not find error in the bankruptcy court's conclusion because Johnson's argument is facially defective.

Johnson purchased the vehicle from a Hyundai dealership, not from Appellee. Johnson does not allege that his contracts for warranty and service agreements are with Appellee nor that Appellee refused to provide service to his vehicle. Nor does the record support such a determination. Johnson merely refers to Hyundai globally. He offers neither evidence nor legal authority to support equitable disallowance or subordination of Appellee's claim, which is based on the financing of Johnson's purchase of his vehicle, based on alleged claims that other persons from whom he sought services to the vehicle treated him improperly. We conclude that the bankruptcy court did not commit error by disregarding Johnson's request for disallowance or subordination.

## CONCLUSION

Based on the foregoing, we AFFIRM.

- 14 -